UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| APRIL JOHNSON | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 2:15-CV-417 JD |
| TOWN OF ST. JOHN, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This case arises from Plaintiff April Johnson's allegation that she experienced sexual harassment while performing janitorial services for the Town of St. John, Indiana (the Town). Her complaint brings numerous claims against the Town, Town Manager Stephen Kil and Town police officers Frederick Frego, Michael Fryzel and James Turturillo. The Defendants have now filed two motions to dismiss in which they argue that several of the counts alleged in Johnson's amended complaint fail to state a claim upon which relief can be granted. [DE 40, 46].[1] Those motions are fully briefed and ripe for review. [DE 41, 45, 47, 50, 55, 56].

## STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court will take the facts alleged by the Plaintiff to be true and draw all reasonable inferences in her favor. A complaint must contain

---

[1] Fryzel brings his motion to dismiss count VIII as barred by the Indiana Workmen's Compensation Act under Rule 12(b)(1), though this argument is more appropriately advanced under Rule 12(b)(6) and the Court construes it as such. *See Hardin v. Gen. Elec. Co.*, No. IP02-0993, 2003 WL 23104228, at *2 (S.D. Ind. Dec. 12, 2003) ("Although, because of diversity jurisdiction, application of the [Workmen's Compensation] Act to a plaintiff's claim does not relieve federal courts of subject matter jurisdiction as it does state courts, federal courts, too, are bound by the exclusivity provision of the Act. If the Act is found to apply, a plaintiff's claim must be dismissed for failure to state a claim upon which relief may be granted.") (citation omitted).

only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, that statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## FACTS

Plaintiff April Johnson performed janitorial services for the Town of St. John, Indiana. It is not clear what her precise employment status was. While she describes herself as a "contractor," she also asserts that she was paid by the Town and that the Town "exercised enough control over Plaintiff to create an employer-employee relationship." [DE 30 at 4].

Regardless, she alleges that she was sexually harassed in the course of her job duties by Town police officers Michael Fryzel, Fred Frego and James Turturillo. She identifies numerous particular instances of misconduct by Fryzel and Frego, including:

- **2010-2015**: Fryzel referred to Johnson as a "spinner" that he could easily move around on his lap during sex. [DE 30 at 5].

- **2015-2015**: Fryzel and Frego referred to Johnson as "comanched" (a pejorative term for a woman who has had sex with a black man). [DE 30 at 5]. They also mocked Johnson for having a hearing impairment. For example, they made sexually explicit comments about her and then joked that she could not hear them.

- **2015**: Fryzel saw Johnson eating yogurt and told her she was eating his semen.

- **January 2015**: Fryzel approached Johnson while she was bending over and said "I can see your tits." [DE 30 at 5].

2

- **February 2015**: Fryzel "struck Plaintiff." [DE 30 at 6].[2]

She also asserts that Frego and Turturillo observed Fryzel sexually harass her from 2010-2015, though did nothing to intervene.

Beginning in April 2015, Johnson reported this harassment to the Lake County Prosecutor's Office, the Indiana State Police and the EEOC. After she complained to those agencies, she found feces in her work area on a day that Turturillo and another Town employee were on duty. On September 29, 2015, Town Manager Stephen Kil called the Plaintiff to inform her that she would be fired. She was terminated the next day. The Plaintiff then received a right to sue letter from the EEOC and served a tort claims notice on the Town. This lawsuit followed on November 15, 2015.

This matter is now before the Court on motions to dismiss claims in Johnson's first-amended complaint. That complaint alleges ten counts: (1) a § 1983 claim against Fryzel, (2) a § 1981 claim against Fryzel, (3) a § 1983 claim against Kil, (4) a § 1983 claim against the Town, (5) Title VII discrimination and hostile work environment claims against the Town, (6) a Title VII retaliation claim against the Town, (7) a negligent retention claim against the Town, (8) a negligence claim against Frego, Turturillo and Fryzel, (9) a battery claim against Fryzel and (10) a § 1983 claim against the Town and Kil. [DE 30].

This order addresses two outstanding motions. First, Frego, Kil, Turturillo and the Town filed a motion which seeks to dismiss Johnson's seventh and eighth claims and strike her third claim. [DE 40]. Second, Fryzel filed a motion which seeks to dismiss Johnson's first, second and eighth claims. [DE 46]. The Court addresses each disputed claim in turn.

---

[2] As is evident from these descriptions, the Plaintiff does not provide specific times or details as to much of the wrongdoing she alleges.

**ANALYSIS**

Motion to Strike

First, the Defendants argue that count III against Kil should be stricken as redundant, because it is coextensive with count X against the Town and Kil. They note that both counts bring claims under § 1983 and allege that the Defendants retaliated against the Plaintiff for reporting misconduct. The Plaintiff responds that the two counts are distinguishable as "Count III is a § 1983 claim against an individual actor and is for the act 'Termination.' Count X is a § 2000e-3(a) claim against a municipality." [DE 45 at 9].

That argument is not well founded. Both count III and count X are explicitly labeled as arising under "42 U.S.C. § 1983." [DE 30 at 15, 27]. Further, they allege substantially the same conduct: that Kil terminated the Plaintiff for reporting misconduct in violation of the First Amendment.[3] While the Plaintiff also brings a claim against the Town under § 2000e-3(a), that is an entirely different count, count VI, which is not at issue here. The Plaintiff provides no further argument as to how counts III and X differ. As such, the Court strikes count III to simplify this lawsuit and declutter the pleadings. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

Count I (§ 1983 Against Fryzel)

The Court next turns to Fryzel's motion to dismiss the § 1983 claim against him. The Plaintiff asserts that this is predicated on Fourth and Fourteenth Amendment violations. The Defendant responds that the Fourth Amendment is an improper source of the claim, as Fryzel interacted with Johnson as a coworker rather than as part of an investigation or a police-citizen

---

[3] This is the thrust of count III though it, unlike count X, does not explicitly mention the First Amendment or any other constitutional provision.

encounter. He does not seek to dismiss the claim insofar as it is predicated on an equal protection violation.

The Fourth Amendment is not a valid basis for Johnson's claim. The courts of appeals have generally held that a plaintiff alleging sexual harassment or sexual assault has no cause of action under the Fourth Amendment where the conduct at issue did not occur in the course of "a criminal investigation or other form of governmental investigation or activity." *Poe v. Leonard*, 282 F.3d 123, 136 (2d Cir. 2002); *see also Jones v. Wellham*, 104 F.3d 620, 628 (4th Cir. 1997) ("Because the harm inflicted did not occur in the course of an attempted arrest or apprehension of one suspected of criminal conduct . . . the claim was not one of a Fourth Amendment violation"); *Doe v. Luzerne Cty.*, 660 F.3d 169, 179 (3d Cir. 2011) ("Because Foy acted for personal reasons and outside the scope of a governmental investigation, his actions do not implicate the Fourth Amendment.").[4] While the Seventh Circuit has not explicitly endorsed this holding, it has noted it without opposition. *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997) (describing the district court's dismissal of a Fourth Amendment § 1983 claim arising from a superintendent's harassment of a teacher since "there was no investigatory or administrative benefit to the government in [the superintendent's] course of conduct").

In this case, Johnson alleges that Fryzel inappropriately interacted with her as a coworker by, among other things, making lewd comments and on one occasion striking her. Those actions appear unrelated to any government purpose, but instead to have been driven largely by Fryzel's own sexual desire. *See Hoit v. Capital Dist. Transp. Auth.*, No. 1:15-CV-0134, 2016 WL

---

[4] The Court notes that the Eleventh Circuit recently reached a contrary conclusion based on the Supreme Court's opinion in *Soldal v. Cook Cty., Ill.*, 506 U.S. 56 (1992). *Jane Doe I v. Valencia Coll. Bd. of Trustees*, 838 F.3d 1207, 1213 (11th Cir. 2016). However, *Soldal* was issued well before the Seventh Circuit's decision in *Wudtke*. Further, it concerned a seizure of property during the performance of a traditional police function, an eviction, rather than an alleged seizure of the person as part of a course of sexual harassment.

5

3947613, at *14 (N.D.N.Y. July 19, 2016) (dismissing Fourth Amendment § 1983 count for failure to state a claim where "Defendants' actions in tea-bagging Plaintiff were for purely personal reasons unrelated to any governmental purpose"). Accordingly, Johnson has not stated a valid claim for relief under the Fourth Amendment and her claim is properly dismissed. *See Wudtke*, 128 F.3d at 1061; *Gorcos*, 2016 WL 5106947, at *4.

Count II (§ 1981 Against Fryzel)

Fryzel next argues for the dismissal of the § 1981 claim against him. He contends that it does not implicate actionable race discrimination because the Plaintiff says only that she was harassed "for allegedly sleeping with a black man." [DE 47 at 8]. Further, he says that claim is otherwise implausible and does not sufficiently allege interference with a contract. The Plaintiff responds that her claim is an associational race discrimination claim, which is cognizable under existing law.

As an initial matter, Fryzel appears to have retreated from his argument that "there is no support in case law for a claim premised on harassment based upon association outside of the workplace." [DE 47 at 8]. Rather, he now says that he "is not asserting that an associational discrimination claim is not an actionable claim." [DE 56 at 5]. The Court will thus presume that such a claim is valid. Indeed, while the Seventh Circuit has not yet decided this issue, other courts of appeals have found antidiscrimination statutes to protect against discrimination based on the race or national origin of a person's spouse or partner. *See, e.g.*, *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 939 (7th Cir. 2012) ("we note that several of our sister circuits have ruled that Title VII's provisions apply in such cases"); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 512 (6th Cir. 2009) ("Section 1981 also prohibits discrimination based on association with or advocacy for non-whites, and we review § 1981 claims under the same standard as Title VII

6

claims.").

That said, the Plaintiff's claim suffers from a second deficiency. Since Fryzel is a police officer, the Plaintiff cannot bring her claims against him under § 1981. She must instead bring her claims under § 1983, as that statute provides the exclusive remedy for violations of § 1981 committed by state actors. *See Campbell v. Forest Preserve Dist. of Cook County, Ill.,* 752 F.3d 665, 671 (7th Cir. 2014); *see also Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 731-35 (1989); *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (affirming dismissal of § 1981 claims against state actors in their individual capacities under *Jett*). Since a plaintiff "need only plead facts, not legal theories," the Court might be inclined to construe the Plaintiff's § 1981 claim as arising under § 1983. *See Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014). However, that would make little sense here, as the Plaintiff has already filed a separate § 1983 claim against Fryzel. The Court thus dismisses this count.

Count VII (Negligent Retention Against the Town)

The Court next turns to the Defendants' motion to dismiss the negligent retention claim against the Town. Here, Johnson argues that the Town had a duty to protect her from sexual harassment in the workplace and that it breached that duty when it failed to discharge Fryzel despite its ability to foresee his misconduct. They argue that this claim is precluded by the Indiana Workmen's Compensation Act (WCA), which exerts exclusive jurisdiction over certain claims filed by employees against employers. Ind. Code § 22-3-2-6. The Plaintiff responds that she was not an employee for purposes of the WCA.

The WCA does not, however, cover Johnson's negligent retention allegations for a different reason. It provides an exclusive remedy only for claims involving "personal injury or death." Ind. Code § 22-3-2-6. The Indiana Supreme Court has interpreted "personal injury" as

7

used in that statute to extend only to physical injuries, impairment (defined as "an injured employee's loss of physical functions") and disability (defined as "a worker's physical and mental fitness for various employment opportunities"). *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1288 (Ind. 1994).

Interpreted in the light most favorable to her, Johnson's complaint does not allege any such injury, impairment or disability. The closest it comes is alleging that Fryzel's actions "include[d] physical and sexual abuse," [DE 30 at 21], that Fryzel "did strike Plaintiff" and that he caused her "harm, injury and damages." [DE 30 at 27]. While this leaves some ambiguity as to the exact "abuse" and "injury" Johnson suffered, at the motion to dismiss stage the Court will grant the Plaintiff the inference that she did not suffer a physical injury. *See Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016) ("When reviewing a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.") (internal quotation marks and alteration omitted). Indeed, that interpretation is supported by Johnson's allegations, which repeatedly describe psychological suffering, but do not identify any physical harm. *See, e.g.*, [DE 30 at 23] ("Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; loss of income; humiliation; and stress."). Thus, the Court will allow Johnson's negligence claim to proceed.[5] *See, e.g.*, *Gorcos*, 2016 WL 5106947, at *7 (negligent retention claim in connection with allegations of sexual harassment not barred where the plaintiff did not allege any physical injury); *Harbison v. Prestige Grp., Inc.*, No. IP 99-0882, 2001 WL 395786, at *33–34 (S.D. Ind. Mar. 16, 2001) (same); *Preston v. Chancellor's Learning Sys., Inc.*, No. 1:08-CV-1017, 2009

---

[5] While Fryzel makes this argument as to count VIII against him, the Court rejects it for reasons set forth in this section. However, dismissal of count VIII is appropriate on other grounds as discussed below.

WL 1583464, at *4 (S.D. Ind. June 4, 2009) (state tort claims not barred where, although the plaintiff alleged that her supervisor physically touched her, the injuries "at the heart" of her complaint were not physical and there was no impairment or disability); *Priest v. Schindler & Pursley, Inc.*, No. 1:06-CV-65, 2006 WL 2457210 (N.D. Ind. Aug. 22, 2006) (state law claims not barred where the plaintiff was "seeking damages for emotional, not physical, injuries, resulting from the alleged sexual discrimination").[6]

Count VIII (Negligence Against Frego, Fryzel and Turturillo)

Next, the Defendants move to dismiss Johnson's negligence claim against Frego, Fryzel and Turturillo in their individual capacities. Among other things, Turturillo and Frego argue that the gravamen of Johnson's complaint is that Frego and Turturillo failed to protect her from sexual harassment by Fryzel, which must fall within the scope of their employment and thus within the immunity conferred by the Tort Claims Act, Indiana Code § 34-13-3-5. That is not, however, an accurate characterization of Johnson's claim. Johnson's complaint does not argue that the Defendants failed to prevent sexual harassment. Rather, she argues that the Defendants were negligent in their own acts of sexual harassment. [DE 30 at 25-26] ("Each Defendant had a duty not to sexually harass or abuse Plaintiff . . . Each Defendant breached his duty when he (each one individually and collectively) sexually harassed and or sexually abused Plaintiff.").

That points to the larger problem with Johnson's claim, which Fryzel raises: it is an improper attempt to fit intentional tort allegations into a negligence theory. Johnson's complaint paints a picture of repeated misconduct by Fryzel, with lesser contributions by Frego and

---

[6] While the Defendants seek to rely on *Wiseman v. AutoZone, Inc.*, 819 F.Supp.2d 804 (N.D. Ind. 2011) and *Guess v. Bethlehem Steel Corp.*, 913 F.2d 463 (7th Cir. 1990), the Court finds those cases unpersuasive for reasons set forth in *Gorcos*, 2016 WL 5106947, at *8.

9

Turturillo.[7] It further claims that this conduct was tantamount to "sexual harassment and abuse" by each of those Defendants. [DE 30 at 25]. Those are allegations of deliberate misconduct, not inadvertent harm. Indeed, that is underscored in part by Johnson's decision to bring a battery claim against Fryzel. Since a negligence claim cannot be predicated on allegations of intentional wrongdoing, count VIII of Johnson's complaint must be dismissed. *See Sans v. Monticello Ins. Co.*, 676 N.E.2d 1099, 1102 (Ind. Ct. App. 1997) ("there is no such cause of action as negligent assault and battery") (citing *United National Insurance Company v. Tunnel, Inc.*, 988 F.2d 351, 353 (2nd Cir. 1993)); *Taedger v. New York*, No. 1:12-CV-0549, 2013 WL 5652488, at *10 (N.D.N.Y. Oct. 15, 2013) (dismissing negligent infliction of emotional distress claim based on sexual harassment, in part because the actions alleged "were intentional and deliberate" and thus "outside the ambit of actionable negligence"); *Wilson v. Diocese of New York of Episcopal Church*, No. 96 CIV. 2400, 1998 WL 82921, at *6 (S.D.N.Y. Feb. 26, 1998) (rejecting attempts to "transmogrify intentional torts [based on sexual assault] into 'negligence'").

## CONCLUSION

Consistent with the above analysis, the Court GRANTS the Defendants' motion to strike count III. [DE 40]. It GRANTS the Defendants' motion to dismiss as to count VIII but DENIES it as to count VII. [DE 40]. It GRANTS Fryzel's motion to dismiss as to count I (under the Fourth Amendment only), count II and count VIII. [DE 46]. Accordingly, the Court dismisses count VIII without prejudice, dismisses count I (as arising under the Fourth Amendment) and count II with prejudice and strikes count III. The remaining counts are: count I (§ 1983 claim against Fryzel under the Fourteenth Amendment), count IV (§ 1983 claim against the Town), count V (Title VII discrimination and hostile work environment claims against the Town), count

---

[7] Granted, specific allegations against Turturillo are scant. If anything, it appears Johnson believes Turturillo placed feces in her work space.

10

VI (Title VII retaliation against the Town), count VII (negligent retention against the Town), count IX (battery against Fryzel) and count X (§ 1983 claim against the Town and Kil). Since no claims remain against Defendants Frego or Turturillo, the Court dismisses those Defendants without prejudice.

    SO ORDERED.

    ENTERED: March 29, 2017

    /s/ JON E. DEGUILIO
Judge
United States District Court